# CHARLESTON.

STATE OF WEST VIRGINIA, &C. v. S. M. & M. TURNPIKE CO., *et al.*

Submitted September 8, 1904—Decided December 20, 1904.

1. COUNTY COURT—*Legal Representative of Magisterial Districts.*
   The county court is the legal representative of the various magisterial districts of the county which can only sue and be sued in its name, as they have no legal existence for the purposes of suit. (p. 552).

2. PENAL BOND—*For County and District—Pleading—Demurrer.*
   In a suit on a penal bond in which the county and a district are both interested, the declaration should show whether the suit is for an injury or loss suffered by the county or by the district and in what such loss or injury consists, and if it fails to do so, it will be held to be bad on demurrer. (p. 553).

Appeal from Circuit Court, Tyler County.

Action by the State, to the use of the county court of Tyler county, against the Sistersville, Middlebourne & McElroy Turnpike Company and others. Judgement for plaintiff, and defendants bring error.

*Reversed.*

T. P. JACOBS, for plaintiffs in error. ·

O. W. O. HARDMAN and D. F. PUGH, for defendant in error.

DENT, JUDGE:

The Sistersville, Middlebourne & McElroy Turnpike Company, E. J. Miller, Robert McCormick, G. B. West, G. B. Slemaker and John H. McCoy, claim they are aggrieved by a final judgment of the circuit court of Tyler county in favor of the Stae of West Virginia suing for the use and benefit of the county court of said county for the sum of $10,638.16 2-3 with interest and costs.

The suit in which such judgment was rendered was founded on a bond executed by the defendants to the State of West Virginia at the instance of the county court in the penalty of $40,000.00. The condition of the bond, among other things, was that if the defendant corporation should macadamize that portion of the Sistersville and Salem turnpike from the corporate limits of Sistersville to the iron bridge near J. C. McCoy's, according to the plan, profile and specifications now on file in the clerk's office of said court, then the obligation was to be void, otherwise to be in full force.

The county had given the company the use of this road with the right to collect tolls thereon, provided it should improve it as aforesaid, and also turned over to the company $20,000.00 in bonds of Lincoln District in said county for a certificate of stock to this amount. The county claims that the company failed to carry out its contract, and thereupon it brought this suit in the name of the State on the bond for its use and benefit.

The first claim of the defendants and seemingly their main reliance, which is raised by demurrer, motion to exclude the evidence and instruct the jury for the defendants, motion for a new trial and in arrest of judgment, is that the county court has no such interest as entitles it to maintain the suit.

The contract to macadamize this road was made with the county court. The road was under the court's supervision and care for the benefit of the public. It granted the use of the road with the privilege of collecting tolls thereon on condition that the road bed was constructed according to certain plans and specifications. If the company failed to comply with such condition, the county had the right to institute proceedings, to forfeit the company's right to such tolls and recover the same. The county court is also the legal representative of the District of Lincoln. Such district can only sue and be sued in the name of the county court, for it is a legal non-entity, having no existence in the light of the law except by and through the county court. Hence, the county court has the right to sue upon this bond for any injury suffered by reason of the breach thereof by such distirct. *Neale* v. *County Court*, 43 W. Va. 90. As a part of the consideration of the bond in suit $20,000.00 in bonds of the district was delivered to the company to enable it to prosecute the building of the road, and on condition that the road should be completed according to the plans and specifications. The failure of the company to perform its contract in whole or in part destroyed the consideration for such bonds in whole or in part, and the county court was entitled to have such bonds returned to it or to recover the value thereof at least to the extent the consideration therefor had failed. The money thus recovered would belong to the District and according to the vote of the people, should be used in completing the company's contract or in making the road just as good and valuable as the contract would have made it. But it is said that the district is a stockholder. This is true, but it is a conditional stockholder, subject to the completion of the road according to contract, and as to such condition and until it is fulfilled, the district is a creditor of the company.

It is said that recovery in this action will reduce the assets of the company, and will diminish the stockholders' dividends. Such is the case with every creditor who is also a stockkholder, and because the payment of his debt will diminish his dividends is no legal reason why his debt should not be first satisfied. From all this, it is plain that the county court has two distinct causes of injury for which it could sue. One would be of its own right strictly for the forfeiture of the toll fran-

chise or privilege, and the recovery of the tolls, which it might have otherwise received itself, and the other in behalf of the district for the recovery of its bond or the value thereof to the extent, the company has failed to comply with its contract. So it seems plain that the county court has the right to maintain this suit in the name of the state on proper allegations, for either of the purposes aforesaid. The declaration is demurred to for the reason that the injury to the county court, and of which it complains is not sufficiently set forth to give the defendants notice thereof. The declaration alleges that the company failed to properly construct the road, and that it "will be of defective service for the people who are compelled to use it," but it fails to allege that the county court has sustained any injury by reason thereof, or that the consideration for the bonds of Lincoln district has thereby failed in whole or part, and the county court is entitled to have the same returned to it or to recover the value thereof. The county court certainly cannot recover unless it shows by proper allegations in what manner it has been injured. Section 2, chapter 10, Code.

If it sues for injury done to Lincoln district, it should so allege, so that the recovery may be credited to such district and expended as its voters directed. If it sues for an injury to itself, it should so allege for the same reason. If the county court had gone on and completed the road according to the plans and specifications and made good the company's contract, it would be entitled to sue and be reimbursed for its outlay. The declaration fails to show whether the county is endeavoring to recover from the company and its sureties the amount of its default for the benefit of itself or of the district of Lincoln. If a recovery should be had on behalf of the district, the company would be entitled to have the same expended in the improvement of the road or to have a proportionate number of the shares of stock held by the county for the benefit of such district returned to it and cancelled. The county court cannot both hold the stock and recover the money back unless it uses the money in completing the company's contract. The defendant is interested to this extent in knowing in whose behalf and for what injury the recovery is demanded. The county court has authority to sue for an injury suffered by Lincoln district, but in doing so it should so allege. Its double capacity

makes such allegations necessary, otherwise its causes of action would be confounded, and the proof thereof confusing to both court and jury, and the recovery indeterminate as to the proper beneficiary. In short, the omission is so essential that judgment. according to the very right of the case cannot be given. Section 29, chapter 125, Code.

To whom does the recovery in this case belong, to the county court or to the district of Lincoln? The defendants have the right to know, and the declaration should inform them, for they are interested in the disposition of the proceeds, and the conclusiveness thereof.

The declaration being insufficient, it becomes unnecessary to consider other errors presented, as the judgment must be reversed, the demurrer to the declaration sustained, and the case be remanded, with leave to the plaintiff to amend its declaration, if so advised.

*Reversed.*